**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00918-CV**

———————————

**IN RE RAMESH KAPUR, D/B/A AIC MANAGEMENT CO., Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

On November 21, 2024, Relator Ramesh Kapur, doing business as AIC Management Co., filed a Petition for Writ of Mandamus *pro se*, challenging the trial court's Order Granting Issuance of Writ of Possession signed on September 17, 2024.[1] Relator also filed an "Emergency Motion to Stay Eviction Scheduled for

---

[1] The underlying case is *SWE Living, LLC v. Ramesh Kapur, d/b/a AIC Management Co.*, Cause No. 2023-80075, pending in the 333rd District Court of Harris County, Texas, the Honorable Tracy D. Good presiding.

November 22, 2024," which this Court granted on November 21, 2024, staying the scheduled eviction.

Because the challenged Order Granting Issuance of Writ of Possession was signed by the presiding judge of the 333rd District Court of Harris County on September 17, 2024, and a new judge was elected to preside over that court, commencing on January 1, 2025, this Court abated the original proceeding on January 9, 2025 to allow the successor trial court judge to reconsider the challenged order. *See* TEX. R. APP. P. 7.2(b). On February 10, 2025, Relator filed a Report informing this Court that, on February 7, 2025, the successor trial court judge "held a[] . . . hearing on Relator's Motion for Reconsideration of th[e] [challenged order]" and held that the challenged order would be vacated. The Harris County District Clerk's website reflects that on February 11, 2025, the successor trial court judge signed an order vacating the Order dated September 17, 2024 Granting and Issuing Writ of Possession.

This Court cannot decide a case that has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (mem. op.). "If a proceeding becomes moot, the [C]ourt must dismiss the proceeding . . . ." *Id.* Because the trial court has vacated the order challenged by Relator in his Petition for Writ of Mandamus and Relator "has

received the relief sought [in] h[is] mandamus petition," we must dismiss this mandamus proceeding as moot. *In re Campos*, No. 01-21-00247-CV, 2022 WL 3650129, at *1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, orig. proceeding) (dismissing mandamus petition as moot where "the successor trial court judge signed an order vacating the discovery order challenged in the mandamus proceeding"); *see In re Haywood*, No. 01-21-00645-CV, 2022 WL 10207672, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2022, orig. proceeding) (mem. op.) (relator's mandamus petition rendered moot where relator "received the relief sought"); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . .").

We lift the abatement issued on January 9, 2025 and the stay issued on November 21, 2024, we reinstate this case on the Court's active docket, and we dismiss the Petition for Writ of Mandamus as moot. All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.